Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as it appears a suit was instituted at an early period by the appellee and her husband against the administratrix of the deceased guardian, to recover as is alleged in the bill, from the said representative, the amount due to the ward from the estate of said guardian; in which suit such proceedings were had, that on the 4th of October 1824, a decree was rendered against the administratrix of said guardian in favour of the appellee and her deceased husband, *363 such decree in the absence of any denial on the part of the representatives of said guardian or of his security, of the allegations of the bill, or of any objection for the failure to exhibit a full record of the proceedings, was properly treated by the Court as furnishing prima fade evidence that the decree was founded on the liability of said Joseph Roberts as guardian.
The Court is further of opinion, that as a proceeding was immediately instituted to recover the amount of such decree from the representatives of such guardian, and the representatives of his surety in the official bond, the lapse of time during which the ward was prosecuting the claim against the representative of the principal, furnishes no ground for the exoneration of the security ; and the statute of limitations has not been relied on by the security of the guardian; nor does it apply.
The Court is therefore of opinion, there was no error in so much of said decree as reserved to the appellee leave to apply at a future time for further relief against other defendants in said cause, not decreed against primarily.
But the Court is further of opinion, that as the condition of the administration bond executed by the said Susanna Roberts, as administratrix of the said Joseph Roberts deceased, dated the 21st July 1800, did not conform to the requisitions of law, and contained no provision for the benefit of creditors, no action could be maintained against the securities on said bond, according to the authority of Frazier v. Frazier's ex'ors, 2 Leigh 642: and therefore, so much of said decree as subjects the said P. Roberts and William Helm, jointly, in their character of sureties, was erroneous.
The Court is further of opinion, that as it appears property was placed in the hands of the said Philagathus Roberts by the said Susanna Roberts, on her removal from the Commonwealth, for the purpose of discharging the debts due from her, he is to be treated as trustee holding such property for the benefit of such creditors; and became accountable for the valúe thereof, *364 or so much as had not been previously applied by him to die payment of the debts of said Susanna, to the appellee, upon the rendition of the decree in her favour ascertaining the validity and amount of her claim against t{ie saj¿[ Susanna Roberts. But that before any decree could properly be rendered against the said P. Roberts on this ground, an account should have been directed to ascertain the value of such property, and the hires of the slaves, and the credits to which he would be entitled for payments made on account of said Susanna.
The Court is further of opinion, that before any decree should be rendered against the representatives of the security in the guardian’s bond, an account should be taken of the administration of the representatives of said Susanna Roberts; and also an enquiry should be directed to ascertain whether any estate real or personal of the said Joseph Roberts still remains undisposed of which could be subjected to said claim.
The decree is therefore reversed with costs, and remanded to be further proceeded in according to the principles above declared in ordei; to a final decree.